UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK

RANJITH SINGH,

    Petitioner,

v.                                          18-CV-794
                                               ORDER

WILLIAM P. BARR,
Attorney General of the United States;

THOMAS FEELY,
Field Office Director for Detention and
Removal, Buffalo Field Office, Bureau of
Immigration and Customs Enforcement;

DEPARTMENT OF HOMELAND
SECURITY;

THOMAS BROPHY,
Facility Director, Buffalo Federal
Detention Facility,

    Respondents.

On March 22, 2019, the respondents filed a notice of interlocutory appeal from this Court's Decision and Order dated January 23, 2019. Docket Item 18. That notice was refiled on March 25, 2019. Docket Item 19. On April 4, 2019, the pro se petitioner, Ranjit Singh,[1] filed a "motion to dismiss respondents' untimely notice to appeal." Docket Item 20. Singh argues that the notice failed to comply with Rule 4(a) of the Federal Rules of Appellate Procedure and 28 U.S.C. § 2107. Both provisions establish the

---

[1] Although he commenced this action with the name "Ranjith Singh," the petitioner identifies himself as "Ranjit Singh" in the motion he filed on April 4, 2019. Docket Item 20.

"mandatory and jurisdictional" time periods for "the taking of an appeal." *Bowles v. Russell*, 551 U.S. 205, 209 (2007). A "failure to file [a] notice of appeal in accordance with [§ 2107] therefore deprive[s] the Court of Appeals of jurisdiction." *Id.* at 213.

"The filing of a notice of appeal is an event of jurisdictional significance—it confers jurisdiction on the court of appeals and divests the district court of its control over those aspects of the case involved in the appeal." *Griggs v. Provident Consumer Discount Co.*, 459 U.S. 56, 58 (1982).[2] Therefore, this Court lacks jurisdiction to determine the claim raised in Singh's motion. *See id.* It is the court of appeals, not this Court, that must determine whether it has jurisdiction over the respondents' appeal. *See United States v. Ruiz*, 536 U.S. 622, 628 (2002) ("[I]t is familiar law that a federal court always has jurisdiction to determine its own jurisdiction."). Therefore, Singh's motion is DENIED. Nothing in this order forbids Singh from raising his argument before the United States Court of Appeals for the Second Circuit.

SO ORDERED.

Dated: April 6, 2019
Buffalo, New York

*s/ Lawrence J. Vilardo*
LAWRENCE J. VILARDO
UNITED STATES DISTRICT JUDGE

---

[2] This Court recognizes there may be circumstances when the district court "may disregard [a] purported notice of appeal and proceed with the case, knowing that it has not been deprived of jurisdiction": for example, where some further action in a district court proceeding is proper and "[w]here the deficiency in a notice of appeal, by reason of untimeliness, lack of essential recitals, or reference to a non-appealable order, is clear to the district court." *Ruby v. Secretary of U.S. Navy*, 365 F.2d 385, 389 (9th Cir. 1966). Such a circumstance is not present here.