UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK
_____

RANJITH SINGH,

         Petitioner,

     v.                                      18-CV-794
                                                 DECISION AND ORDER
WILLIAM P. BARR,
Attorney General of the United Sates;

THOMAS FEELY,
Field Office Director for Detention and
Removal, Buffalo Field Office, Bureau of
Immigration and Customs Enforcement;

DEPARTMENT OF HOMELAND
SECURITY;

THOMAS BROPHY,
Facility Director, Buffalo Federal
Detention Facility,

         Respondents.

_____


      The petitioner, Ranjith Singh, has been detained by the United States

Department of Homeland Security, Immigration and Customs Enforcement ("DHS")

since November 8, 2017—now more than nineteen months—while DHS attempts to

remove him to India.

      On January 23, 2019, this Court determined that the government had not

rebutted Singh's showing that there was good reason to believe that his removal was

not significantly likely to occur in the reasonably foreseeable future.  *Singh v. Whitaker*,

362 F. Supp. 3d 93, 103 (W.D.N.Y. 2019).[1]  Stated more plainly, it seemed as though the government had no idea when Singh would finally be removed.  In light of the government's concerns about Singh's dangerousness, however, and in light of this Court's broad power in crafting a habeas remedy, the Court "permit[ted] the government to continue holding Singh in detention for three months—until April 24, 2019."  *Id.* at 105.  Specifically, this Court ordered that "[n]o later than April 24, 2019, the government shall: (1) release Singh from custody or (2) provide a date by which DHS reasonably expects him to be repatriated to India, including the reasons behind and the evidence supporting that expectation."  *Id.*  The Court also provided that "[t]he government may move for an extension of that date based on evidence that Singh has refused to cooperate with, or otherwise has thwarted, efforts to remove him."  *Id.*

The government did not release Singh by April 24, 2019.  On that date, however, the government filed three sealed documents.  Docket Items 22, 22-1.  First, the government filed under seal a motion to file an attached document under seal and for in camera review.  Docket Item 22 at 1.  Second, the government submitted under seal an affidavit from an Assistant United States Attorney in support of its motion to file that third document under seal.  *Id.* at 2-3.  Finally, the government attached under seal the document it sought approval to file under seal.  Docket Item 22-1.

On the same day, this Court issued an order stating:

> On January 23, 2019, this Court ordered that unless the petitioner was released or repatriated to India by April 24, 2019, (1) he be released from custody on that date, or (2) on or before that date, the government provide a date by which DHS reasonably expects the petitioner's repatriation to

---

[1] The factual and procedural background leading to this Court's order of January 23, 2019, is generally set forth in that order.  *See* Docket Item 16 at 2-5; *Singh v. Whitaker*, 362 F. Supp. 3d 93, 98-99 (W.D.N.Y. 2019).

India, including the reasons behind and evidence supporting that expectation. The government has provided such information under seal. Therefore, the time for the government to comply with this Court's order of January 23, 2019, is extended from April 24, 2019, until and including July 23, 2019. Unless otherwise ordered, on or before August 9, 2019, the respondents shall file a status report with this Court regarding Singh's removal or release.

Docket Item 23. The Court based its decision on the government's representation that it reasonably expected Singh to be removed by July 23, 2019, as well as the government's reasons behind that expectation. But neither Singh nor the public was able to review the material provided by the government that supported this Court's order dated April 24, 2019.

On May 9, 2019, Singh asked the Court to reconsider its order dated April 24, 2019, to enforce its order dated January 23, 2019, and to immediately order his release. Docket Item 28. In his motion, Singh argued that he has complied with all DHS's directives and yet still finds himself in custody. *Id.* at 1. He said that he has "done everything he can to cooperate with [Immigration and Customs Enforcement]." *Id.* at 2. He noted that the "[r]espondents [have] filed improperly documents under seal that [he] has no access to . . . and has no way to rebuttal [sic] whatever claims the [r]espondents address." *Id.* at 4. And he said that this Court "should dismiss those claims as untimely presented and order [his] immediate release." *Id.* On May 17, 2019, the government responded to Singh's motion, Docket Item 37, and on May 22, 2019, Singh replied, Docket Item 41.

In the meantime, on May 13, 2019, this Court granted a motion of the New York Civil Liberties Union ("NYCLU") for leave to appear as amicus curiae. Docket Item 29. The NYCLU filed a motion for the Court to unseal Docket Item 22-1, arguing that the government "did not electronically file a Notice of Motion identifying the nature of the

document, and as a result, the Court could not make on-the-record findings to justify sealing the entire document." Docket Item 32 at 2.[2] On May 17, 2019, the government responded, Docket Item 36, and on May 28, 2019, this Court held a status conference/oral argument on the NYCLU's motion, Docket Item 43. At the oral argument, the government proposed to file a redacted version of Docket Item 22-1 for public view by May 31, 2019, and on that date the government did just that. Docket Item 45. The government also filed a publicly-assessable motion to file Docket Item 22-1 under seal. Docket Item 44.

Now before the Court is Singh's motion, Docket Item 28, to enforce this Court's order of January 23, 2019, and reconsider its April 2019 order extending his detention. For the following reasons, this Court grants his motion in part and denies it in part.

## DISCUSSION

Federal Rule of Civil Procedure 60(b)[3] provides that "the court may relieve a party or its legal representative from a final judgment, order, or proceeding for [several enumerated] reasons." Among those reasons are that "the judgment is void," Rule 60(b)(4); that "applying [a judgment] prospectively is no longer equitable," Rule 60(b)(5); and "any other reason that justifies relief," Rule 60(b)(6).

---

[2] The government did file such a motion, but it too was filed under seal. Docket Item 22.

[3] "The Federal Rules of Civil Procedure, . . . to the extent that they are not inconsistent with any statutory provisions or these rules, may be applied to a proceeding under" the Rules Governing Section 2254 Cases. Rule 12 of the Rules Governing Section 2254 Cases in the United States District Courts. Those rules, in turn, apply to this proceeding through Rule 1(b), which provides that the "district court may apply any or all of these rules to a habeas corpus petition not covered by Rule 1(a)."

Singh argues that he has had "no access to [Docket Item 22-1] and ha[d] no way to rebut[] whatever claims the [r]espondends address" before this Court issued its order dated April 24 2019.  Docket Item 28 at 4.  Indeed, under Rule 7(c) of the Rules Governing Section 2254 Cases in the United States District Courts, the Court "must give [Singh] an opportunity to admit or deny [the] correctness" of any additional materials it requires of the respondents.  That did not happen here.

A *judgment* is void, and subject to relief under Rule 60(b)(4); when it "is premised . . . on a violation of due process that deprives a party of notice or the opportunity to be heard."  *United Student Aid Funds, Inc. v. Espinosa*, 559 U.S. 260, 271 (2010); *see also V.T.A., Inc v. Airco, Inc.*, 597 F.2d 220, 225 (10th Cir. 1979) (judgment void under Rule 60(b)(4) "if the court has acted in a manner inconsistent with due process of law.").

Although the Court's order dated April 24, 2019, extending Singh's detention is not a "judgment," it still has a serious impact on Singh's interests in this proceeding; indeed, it is now the basis of his detention.  Because it was premised on a document that Rule 7(c) permits Singh to challenge but that Singh was unable to view, that order was issued "in a manner inconsistent with due process of law."  *V.T.A.*, 597 F.2d at 225.  As a result, this Court vacates the order under Rule 60(b)(6).[4]

The government has filed a redacted version of Docket Item 22-1 that includes the facts upon which this Court issued its earlier decision.  Docket Item 45.  Therefore,

---

[4] The Court assumes that its order dated April 24, 2019, Docket Item 23, is a final order subject to Rule 60(b).  But even if it is an interlocutory order, for the same reasons, this Court would vacate it under Rule 54 "to correct a clear error [and] prevent a manifest injustice."  *Fero v. Excellus Health Plan, Inc.*, 304 F. Supp. 3d 333, 338 (W.D.N.Y. 2018) (quoting *Official Comm. of Unsecured Creditors of Color Tile, Inc. v. Coopers & Lybrand, LLP*, 322 F.3d 147, 167 (2d Cir. 2003)).

Singh now has the opportunity to admit or deny the specific *unredacted* facts alleged in that document. Rule 7(c) of the Rules Governing Section 2254 Cases in the Federal District Courts. This Court stays Singh's release while Singh has his opportunity to dispute the government's facts[5] and during the resolution of any factual dispute. Once it receives Singh's submission, the Court will resolve any material factual dispute and issue an order regarding the validity of Singh's continued detention based on facts that Singh has been able to view and contest.[6] The stay will continue no longer than July 23, 2019, however—that is, the date by which the government expects Singh to be removed. *See* Docket Item 45 at 3; Docket Item 22-1 at 3. Singh must be released or repatriated to India by that date unless otherwise ordered.

      SO ORDERED.

Dated:      June 11, 2019
              Buffalo, New York


          *s/ Lawrence J. Vilardo*
          LAWRENCE J. VILARDO
          UNITED STATES DISTRICT JUDGE

---

[5] If Singh wishes to "admit or deny [the] correctness," Rule 7(c) of the Rules Governing Section 2254 Cases, of any statements in Deportation Officer Michael K. Ball's Redacted Declaration, Docket Item 45, he is encouraged to specify the paragraph number along with a short description of each fact in the declaration that he admits or denies. Doing so will permit this Court to more quickly identify genuine disputes of material fact.

[6] This Court declines to base a decision extending Singh's detention on material Singh is unable to review because Rule 7(c) and due process principles would likely foreclose such an order. Therefore, the government's motions to file a declaration under seal and for in camera review, Docket Items 22, 44, are moot.